**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honey R. Siegal,              )<br>                                        )<br>           Plaintiff,          )<br>                                        )<br>vs.                                    )<br>                                        )<br>Cathie Jarboe; et al.,    )<br>                                        )<br>           Defendants.     )<br>_____) | No. CV 06-1641-PHX-JAT<br><br>**ORDER** |

Under 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that - - ... (B) the action or appeal - - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In this case, Plaintiff is proceeding in forma pauperis.  After reviewing the complaint, and considering Plaintiff's arguments at the emergency hearing, the Court finds that Plaintiff fails to state a claim against any federal or state actor as follows.  Additionally, having found that Plaintiff fails to state a claim against any federal or state actor, the Court finds that any basis for federal subject matter jurisdiction (such as 42 U.S.C. § 1983 or *Bivens*) has been dismissed with the federal and state actors.  Having found that there is no basis for federal subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims (without deciding whether any of those claims state a claim).

1 **State of Arizona and Governor Janet Napolitano.** At the hearing, Plaintiff advised the Court that her only claims against the state of Arizona arose from the conduct of Governor Napolitano; therefore, this Defendant shall be treated as a single entity. Plaintiff's claim against the Governor is that the Governor gave a grant to Gold Creek, Inc. of Scottsdale, which Plaintiff claims (without support) is a company that really belongs to Plaintiff. Regardless of whether at some point Plaintiff was defrauded out of her alleged ownership of this company, Plaintiff's allegation that the Governor gave this company a grant check fails to state a claim against the Governor. Therefore, Governor Napolitano and the state of Arizona will be dismissed. Plaintiff's Motion to Compel Governor Napolitano (Doc. #6) will be denied as moot.

**Douglas E. Middleton, Constable North Valley Justice Court**. At the hearing, Plaintiff claimed that Constable Middleton forcibly evicted her from her home. At the hearing, Plaintiff read from the order on the forcible entry and detainer that Constable Middleton executed against her. Therefore, because Constable Middleton was acting pursuant to a Court order, the Court finds Plaintiff fails to state a claim against him. Alternatively, the Court finds that because Constable Middleton was acting pursuant to a Court order, he is entitled to qualified immunity; and, under § 1915(e)(2)(b)(iii) Plaintiff cannot proceed against officer Middleton because she is seeking monetary relief against someone who is immune from such relief.

**Jacqueline McVey and Gerald Williams.** Both of these individuals are judges who in some way presided over the forcible entry and detainer against Plaintiff. First, the Court finds that all of Plaintiff's claims against these judges are complaints about their rulings in the case and therefore fail to state a claim. Alternatively, the Court finds that these judges are entitled to judicial immunity; and, under § 1915(e)(2)(b)(iii) Plaintiff cannot proceed against McVey and Williams because she is seeking monetary relief against individuals who are immune from such relief.

1  **Doug Patterson, Canadian Consulate "trade commissioner."** Plaintiff claims that Mr. Patterson is a fraud because he does not provide international assistance. The Court finds that Plaintiff fails to state a claim against Mr. Patterson.

**Ryan Cuancara, Department of the Treasury, United State of America.** Plaintiff has advised the Court that she gave Mr. Cuancara some exhibits, he took the exhibits, he then returned the exhibits to her, and took no further action. The Court finds that Plaintiff fails to state a claim against Mr. Cuancara.

The Court finds that all other parties listed on the complaint are not state or federal actors and any claims against them do not provide a basis for federal subject matter jurisdiction. Additionally, because the Court declines to exercise supplemental jurisdiction over any potential state law claims, this action will be dismissed.

Finally, and alternatively, at the conclusion hearing the Court asked Plaintiff what relief she was seeking. She stated that she was seeking to have the Court evict the people currently living in her former home, order that she be allowed to move back into her former home, indict Richard Stober (Plaintiff's ex-husband), order that all accounts and properties in the name of Richard Stober be transferred into Plaintiff's name, and order the United State's Attorney's Office and the Federal Bureau of Investigations to investigate her claims. Under § 1915(e)(2)(B)(i) the Court finds all of this requested relief to be either malicious (because it is seeking to re-litigate issues decided by Plaintiff's divorce decree) or frivolous (because it is seeking relief beyond the jurisdictional powers of the Court). Therefore, for this alternative reason, the Complaint will be dismissed.

Based on the foregoing,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is dismissed for the reasons stated above; and the Clerk shall enter judgment accordingly;

**IT IS FURTHER ORDERED** that the Motion to Compel Governor Napolitano (Doc. #6) and the Motion for Permanent Waiver of all fees (Doc. #5) are denied as moot; and

///

///

1  **IT IS FURTHER ORDERED** that the Motion for deferral of fees for transcript of
2  hearing (Doc. #7) is still pending and will be addressed by separate order.
3  DATED this 17th day of July, 2006.

```
                          _____
                              James A. Teilborg
                              United States District Judge
```