**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honey R Siegal, | No. CV-06-01641-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Cathie Jarboe *et al.*, | |
| Defendants. | |

Pending before this Court is Plaintiff's Motion for Deferral of Fees for Transcripts (Doc. # 7), which was filed on June 29, 2006.

Pursuant to 28 U.S.C. § 1915(a), the Court allowed the *pro se* Plaintiff to proceed *in forma pauperis*. At Plaintiff's request, the Court held an emergency hearing. The Court denied Plaintiff relief, and Plaintiff now requests that transcripts of the hearing be provided to her free of charge pursuant to her *in forma pauperis* status.

Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C. § 753(f). It states that "Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f) (1996) (parenthetical in original).[1]  The rule's purpose is to prevent taxpayer dollars from being wasted on transcripts for use in baseless appeals. Therefore, the Court must determine whether Plaintiff's proposed appeal has some merit before it directs the government to pay for her transcripts.

Plaintiff must articulate some ground for appeal that requires a transcript before the Court will subject the government to that expense. When proceeding *in forma pauperis*, transcripts cannot be provided merely to allow [Plaintiff] to search for grounds for relief. Bonner v. Henderson, 517 F.2d 135, 135 (5th Cir. 1975) (per curiam). Rather, Plaintiff has the burden of demonstrating nonfrivolity and substantiality of the claims. See Maloney v. E.I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967). Therefore, the Court must examine whether the proposed appeal is not frivolous (but presents a substantial question).

The language in § 753(f) suggests that the inquiries of frivolity and substantiality are not identical. Corgain v. Miller states that a claim is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief." 708 F.2d 1241, 1247 (7th Cir. 1983). On the other hand, a "substantial" question is defined as "reasonably debatable." Maloney, 396 F.2d at 940 (citing Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D. Md.1959). Regardless, the statute mandates that Plaintiff's reason for obtaining free transcripts be nonfrivolous *and also* present a substantial question. Therefore, the Court must determine whether Plaintiff stated a nonfrivolous, substantial reason for obtaining the transcripts.

Plaintiff failed to demonstrate that her proposed appeal is nonfrivolous or presents a substantial question. In her motion to obtain free transcripts, Plaintiff failed to state what issues she seeks to appeal. Thus, the Court is unable to determine from the face of the

---

[1] Plaintiff's motion falls within the meaning of "other proceedings" that are contemplated by §753(f), which describes the procedure for obtaining transcripts at the government's expense in the context of criminal or habeas proceedings. See 28 U.S.C. 753(f).

- 2 -

1 motion whether her reason for obtaining the transcripts is substantial. Nonetheless, the Court
2 will look to the proceedings to determine if any issue warrants furnishing the transcript to
3 Plaintiff.

4     At the hearing, Plaintiff claimed, yet failed to sufficiently support, that she was the
5 target of a vast conspiracy to deprive her of property. The only claims brought by Plaintiff
6 that could have warranted federal relief were against the state or federal actors who
7 purportedly denied her constitutional rights. The substance of her allegations was that the
8 various governmental actors, including the Governor of Arizona, the Canadian Consulate,
9 and an agent of the Department of the Treasury, were part of the conspiracy to take her
10 property. The Court did not find the evidence of a vast conspiracy credible and found no
11 threat of immediate harm to Plaintiff that warranted emergency relief. Nothing in the motion
12 or the proceedings before this Court persuades the Court to direct the United States to pay
13 for transcripts for Plaintiff's appeal. In short, the proposed appeal is frivolous and presents
14 no substantial question.

15     Based on the foregoing,

16     **IT IS ORDERED** that Plaintiff's Motion for Deferral of Fees for Transcripts (doc.
17 # 7) is denied.

18     DATED this 20th day of July, 2006.

James A. Teilborg
United States District Judge

- 3 -